**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

PAUL REJUNEY,                     )
                                  )
    Petitioner,                   )
                                  )
v.                                )          Civil No. 3:16CV194–HEH
                                  )
CHESAPEAKE CIRCUIT COURT,         )
                                  )
    Respondent.                   )

<u>**MEMORANDUM OPINION**</u>
**(Denying 28 U.S.C. § 2254 Petition)**

Paul Rejuney, a Virginia inmate proceeding *pro se*, submitted a document entitled

"Amendment." (ECF No. 1.)  Given the content of this document, the Court found it

appropriate to give Rejuney the opportunity to pursue this action as a petition for a writ of

habeas corpus under 28 U.S.C. § 2254. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145

(4th Cir. 2008).  The Court sent Rejuney the forms for filing a 28 U.S.C. § 2254 petition

and Rejuney returned the form.  (ECF No. 3.)  Subsequently, Rejuney inundated the

Court with various documents, including a "Statement of Facts" (ECF No. 8), motions to

dismiss the state charges (ECF Nos. 9, 11), and various letters with titles such as "Notice

and Demand" or "Amendment" (*see, e.g.*, ECF Nos. 15, 17–20).

Because of Rejuney's piecemeal submission of his claims and allegations, by

Memorandum Order entered on September 12, 2016, the Court directed the Clerk to mail

Rejuney the standardized form for filing a § 2254 petition in order to consolidate his

claims.  (ECF No. 26, at 1.)  The Court stated:

**Petitioner is DIRECTED to complete and return the form to the Court within eleven (11) days of the date of entry hereof.** Petitioner must state the facts that make his detention unlawful. The Court's consideration of Petitioner's grounds for habeas relief **shall be limited to the grounds and supporting facts concisely set forth on this standardized form and on any attached pages. Petitioner may not incorporate other documents by reference** and the standardized form supplants all other prior filings. The Court will also not consider any future attempts to tack on claims or facts that Petitioner failed to include on the standardized form.

(*Id.* at 1–2.) The Court also denied Rejuney's three motions to dismiss. (*Id.* at 2.)

The Court received Rejuney's standardized form on September 21, 2016 ("§ 2254 Petition," ECF No. 29). The Court also received a document entitled "Amendment" from Rejuney. (ECF No. 30.) Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, this Court conducts a preliminary review of Rejuney's § 2254 Petition.[1]

## I.      PROCEDURAL HISTORY AND REJUNEY'S CLAIMS

The docket for the Circuit Court of the City of Chesapeake, Virginia ("Circuit Court"), shows that Rejuney was convicted of driving while intoxicated, third offense, on June 29, 2010.[2] Rejuney was sentenced to three years of incarceration, with all three

---

[1] According to Rule 4 of the Rules Governing Section 2254 cases:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing § 2254 Cases in U.S. District Courts, Rule 4.

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Chesapeake Circuit Court" from drop-down menu and follow "Begin" button; type "Rejuney,

years suspended. The Circuit Court placed Rejuney on a period of indefinite supervision.

On April 21, 2015, the Circuit Court revoked Rejuney's probation and imposed the

original sentence of three years of incarceration, with all but six months suspended.[3]  On

May 5, 2016, Rejuney's probation was again revoked, and the Circuit Court sentenced

him to two years and six months of incarceration, with all but one year suspended.[4]  The

Court deems this § 2254 Petition to challenge the judgments in the criminal proceedings

set forth above.

In his § 2254 Petition, Rejuney raises the following claims for relief:[5]

Claim One:        "Violation of the 11th Amendment of the United States
                  Constitution.  The Chesapeake Circuit Court is operating
                  outside of its geographical venue of the 10 mile square region
                  of the District of Columbia.  The judges and attorneys who
                  are employed by such court are members of the State Bar
                  which is ordained by the foreign banks, operating under

---

Paul," and then follow "Search by Name" button; then follow hyperlinks for "CR10000654–
00"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website.
Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information
contained on this website." *McClain v. Clarke*, No. 3:13CV324, 2013 WL 6713177, at *1 n.6
(E.D. Va. Dec. 18, 2013) (citations omitted).

[3] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select
"Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select
"Chesapeake Circuit Court" from drop-down menu and follow "Begin" button; type "Rejuney,
Paul," and then follow "Search by Name" button; then follow hyperlinks for "CR10000654–
01").

[4] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select
"Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select
"Chesapeake Circuit Court" from drop-down menu and follow "Begin" button; type "Rejuney,
Paul," and then follow "Search by Name" button; then follow hyperlinks for "CR10000654–
02").

[5] The Court utilizes the pagination assigned to Rejuney's submissions by the CM/ECF docketing
system.  The Court corrects the spelling and punctuation in quotations from Rejuney's
submissions.  Because Rejuney did not number his claims in a sequential manner, the Court also
renumbers his claims.

foreign titles of nobility. They are acting as foreign agents committing treason against the citizens of the United States." (§ 2254 Pet. 5.)

Claim Two: "The Chesapeake Circuit Court is operating as a statutory court of commerce. The Chesapeake Circuit Court is operating 'under color of law' because it is using another name for its obvious admiralty jurisdiction. The court is fraudulently operating as a statutory court of commerce operating under Article 1, Section 8, Clause 17 of the U.S Constitution, therefore the court is sitting ministerially and not judicially, enforcing commercial statutes." (*Id.* at 7.)

Claim Three: "U.C.C. 1–103.6 commands the court to retain common law rights and remedies. . . . [T]he statutes must be construed in harmony with common law which remains in force except where explicitly displaced by the code. U.C.C. 1–103.6 states the code cannot be read to preclude common law, therefore resulting in violation of rights under common law." (*Id.* at 8.)

Claim Four: "In case No.(s) CR10–654–00, 01, 02 the Chesapeake Circuit Court tried these cases under admiralty jurisdiction which is a civil jurisdiction of compelled performance which has criminal penalties, they call it statutory jurisdiction. . . . In Article 1, Sect. 10 the Constitution gives us the unlimited right to contract, as long as we do not infringe on the life, liberty, or property of someone else. The Constitution gives two jurisdictions where contracts can be enforced equity and admiralty. But the Chesapeake Circuit Court is enforcing contracts in statutory jurisdiction. . . . The judges and the Commonwealth's Attorneys in these cases against me have committed fraud by actively participating in a scheming conspiracy of untruths and misrepresentations, by deceiving those who entrusted themselves in good faith, while specifically acting in bad faith when such fraud was shown." (ECF No. 29–1, at 1–2.)

Claim Five: "18 U.S.C.S. 241: Conspiracy against rights. . . . The Chesapeake Circuit Court and ALL officers of such court pertaining to Case No.(s) CR10–654–00, 01, 02 are guilty of violating 18 U.S.C.S. 241 by conspiring to intimidate, threaten, and coerce Petitioner causing him to be compelled to perform under duress, therefore affecting my mental

> capacity.  Under the coercion of the court I was compelled to perform under an unlawful agreement made between PAUL REJUNEY and the corporate state of THE COMMONWEALTH OF VIRGINIA by means of a forced sentencing order." (*Id.* at 3–4.)

For the reasons set forth below, Rejuney's § 2254 Petition (ECF No. 29) will be denied.

## II.   ANALYSIS

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus.  Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

Throughout his claims, Rejuney contends that the Circuit Court lacked jurisdiction to convict and sentence him. In his document entitled Amendment that accompanied his § 2254 Petition, Rejuney states that "[i]t is all about JURISDICTION and CONSENT." (ECF No. 30, at 4.) As an initial matter, Rejuney's claims are conclusory and lack any clear argument demonstrating that the authority he cites to, such as the Uniform Commercial Code, entitles him to federal habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas action appropriate where it "stated only bald legal conclusions with no supporting factual allegations").

Rejuney's claims are quite similar to those asserted by followers of the sovereign citizen movement. "Generally speaking, 'free sovereigns' believe that shadowy forces have replaced the 'real' legal system of the United States—which 'free sovereigns' refer to as the 'common law'—with a new system of government based on 'admiralty law.'" *Folson-El Bey v. Wells Fargo Home Mortg.*, No. 11–cv–13534, 2012 WL 1453569, at *2 (E.D. Mich. Apr. 26, 2012). Sovereign citizens "believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (citations omitted); *see United States v. Brown*, 669 F.3d 10, 19 n.12 (1st Cir. 2012) (noting that sovereign citizens "believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law"). To the extent that

6

Rejuney's claims can be interpreted as claims cognizable in federal habeas, the Court

construes them as raising federal due process violations based on the Circuit Court's

alleged lack of jurisdiction over Rejuney. *See Heaggins v. Joyner*, No. 1:15cv281–FDW,

2016 WL 110599, at *2 (W.D.N.C. Jan. 8, 2016) (construing sovereign citizen inmate's

habeas claims as due process challenges).

In Virginia, all circuit courts "have original jurisdiction of all indictments for

felonies and of presentments, informations and indictments for misdemeanors." Va.

Code Ann. § 17.1–513 (2016). Moreover, "[t]he circuit courts, except where otherwise

provided, shall have exclusive original jurisdiction for the trial of all presentments,

indictments and informations for offenses committed within their respective circuits."

Va. Code Ann. § 19.2–239 (2016). In Virginia, any individual who is convicted of three

driving under the influence offenses within a ten-year period is guilty of a Class 6 felony.

Va. Code Ann. § 18.2–270(B)(3) (2016). Because Rejuney was charged with driving

under the influence, third offense, a felony, the Circuit Court properly exercised

jurisdiction over both the underlying offense and Rejuney's probation violations.

"Regardless of an individual's claimed status of descent, be it as a 'sovereign

citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not

beyond the jurisdiction of the courts. These theories should be rejected summarily,

however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.

2011); *see United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the

citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's

jurisdiction in criminal prosecutions . . . ."); *Akbar v. Clarke*, No. 1:15CV338, 2016 WL

7

4150456, at *7 (E.D. Va. Aug. 1, 2016) (citations omitted) (noting that sovereign citizen claims are "wholly frivolous"); *Berman v. Stephens*, No. 4:14–CV–860–A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (citing cases to reject petitioner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts"). Rejuney's claims that the Circuit Court lacked jurisdiction over his underlying conviction and probation violations are simply frivolous. Because Rejuney has not demonstrated a federal due process violation or any other cognizable claim for relief, his claims will be dismissed.

### III.   CONCLUSION

For the foregoing reasons, Rejuney's § 2254 Petition (ECF No. 29) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

_____ /s/ _____
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: **Sept. 26, 2016**
Richmond, Virginia